## Specht v. Moyer.

*Justice of the peace — Rules of court — Appeals — Words and phrases — "Shall."*

1. Where a rule of court directs that appellant in an appeal from a justice of the peace shall, within five days, give written notice to the opposite party of the filing of the appeal, the word "shall" is mandatory, and if no notice is given within five days, the appeal will be stricken off.

2. In such case, it is no excuse that the appellant did not have counsel and had no knowledge of the rule of court.

Rule to strike off appeal transcript. C. P. Snyder Co., Feb. T., 1927, No. 37.

*A. F. Gilbert,* for rule; *Charles P. Ulrich,* contra.

POTTER, P. J., Sept. 19, 1927.—On Dec. 23, 1926, Justice of the Peace John W. Willis, in a civil suit, rendered judgment in favor of the plaintiff, F. M. Specht, and against the defendant, Edward K. Moyer, in the sum of $60 and the costs of suit.

On Jan. 8, 1927, the defendant took out an appeal, which was on that day entered in the Court of Common Pleas of Snyder County to the number and term first above mentioned. He did nothing further incident to his appeal.

Our Rule of Court No. 1, on page 8, provides as follows: "In all civil actions brought into court on appeal from justices of the peace, the appellant *shall,* within five days, give written notice to the opposite party, or counsel, of the filing of the appeal, and proof of service thereof shall be filed of record."

The appeal having been filed and entered on Jan. 8, 1927, the defendant had till Jan. 13, 1927, in which to notify the plaintiff of the taking out and the entry of it. This was not done.

The word *shall* in this rule of court is clearly mandatory. We quote from 35 Cyc., 1451, as follows: "In common parlance (the word *shall)*, a term which, it is said, has always a compulsory meaning, and in its common and ordinary usage, unless accompanied by qualifying words which show a contrary intent, always refers to the future; but it may be used in the preterit sense of 'must,' of which it is a synonym. As used in statutes, the word is generally mandatory; although it is not always imperative, but may be consistent with an exercise of discretion. Thus, it may be construed to mean 'may' when no right or benefit to any one depends on its imperative use; when no advantage is lost; when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction; or when it is absolutely necessary to prevent irreparable mischief, or to construe a direction so that it shall not interfere with vested rights, or conflict with the proper exercise of power, by either of the fundamental branches of government; and it also means 'may' when used by a legislature in a grant of authority to a court." ·

This comprehensive legal definition of the word "shall" clearly defines its meaning as used in the rule of court hereinbefore cited, and the defendant not having given the notice within the five-day period, and having before us a motion to strike off the appeal because of the lack of this notice, our duty in the premises is very clear. The respected counsel for the defense, on the argument, seemed to think there should be exceptions made to the literal enforcement of this rule in cases where the defendant had no counsel, where he did not know his duty in regard to this rule, as well as for other good and sufficient reasons. Where, then, are we to draw the line of demarkation?

If this were permitted in every instance where this notice was not given, a good and sufficient (?) reason would be set up, which in reality might be good or might be bad. When a litigant, not versed in the law or in legal procedure, undertakes to defend his suit without legal counsel, he at once shoulders all the responsibilities of his so doing as well as his ignorance of the requirements of the law.

And this is what has occurred in this case. This defendant undertook to defend his suit before the justice of the peace in person, without the aid of legal counsel. He apparently knew nothing about our rule of court requiring him to notify the plaintiff of the taking of the appeal. We would be very much pleased if there was some legal means whereby we could permit him to try his case in the Common Pleas, but we fail to find any. The direction of this rule of court is mandatory. It requires something to be done which was not done in order to perfect the appeal, and we cannot close our eyes to its compulsory provisions. It would not be consistent for us to arbitrarily override our own rules of court, much as we might desire to do so. In this court, all persons, so far as justice is concerned, look alike to us. We cannot discriminate in any instance. No answer being filed to the rule, the averments therein are admitted.

And now, to wit, Sept. 19, 1927, the rule is made absolute and the appeal is stricken from the records, to which ruling an exception is noted for the defendant and a bill is sealed.